1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael K. Bilbrey; and, Cheryl C. Bilbrey, <br><br>             Plaintiffs, <br><br> vs. <br><br> Paul Larkin, Pinal County Assessor, et al., <br><br>             Defendants. | No. CV-05-0997–PHX-MHM <br><br> **ORDER** |

Plaintiffs proceeding pro se have filed a complaint challenging the assessment of local property taxes on their residence located in Casa Grande, Arizona. Plaintiffs allege that the tax assessment is unlawful because their residential property was purchased solely from Social Security settlement benefits and that under 26 U.S.C. § 6334 a principal residence is exempt unless a judge or magistrate of a United States District Court approves such levy. Defendants are Paul Larkin, Pinal County Assessor, and Dolores J. Doolittle, Pinal County Treasurer. Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim for relief, Fed.R.Civ.P. 12(b)(6). (Doc. 6). Plaintiffs have filed a response (Doc. 10), and Defendants have filed a reply. (Doc.12). Plaintiffs also have filed a motion for summary judgment. (Doc. 9). Defendants have filed a motion asking that the Court stay consideration of Plaintiffs' motion for summary judgment until after a ruling on their motion to dismiss. (Doc. 13).

1 | The Court construes the complaint liberally because it was drafted by pro se plaintiffs. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 20094). When reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990). The Court must draw all reasonable inferences in favor of the non-moving party. Salim v. Lee, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If the challenge to jurisdiction is that the allegations are insufficient on their face to demonstrate the existence of jurisdiction, plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. The factual allegations of the complaint are presumed true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Wolfe, 392 F.3d at 362. A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States Constitution; (2) if there is no case or controversy within the meaning of that constitutional term; or, (3) if the cause is not one described in any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962). The party

1 seeking to invoke the jurisdiction of the federal court has the burden of establishing that
2 jurisdiction exists. <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).

3     Plaintiffs have asserted numerous jurisdictional bases in their complaint. None of the cited provisions provide this Court with subject matter jurisdiction over the complaint. Title 28, United States Code, § 1331, grants jurisdiction in "all civil actions arising under the Constitution, laws or treaties of the United States." Plaintiffs' further reliance on 26 U.S.C. § 6334 is misplaced, however, for § 6334 is part of the federal Internal Revenue Code and concerns collection of taxes due to the federal government. Plaintiffs do not allege that Defendants are attempting to collect a federal tax. Rather, Plaintiffs are challenging the collection of a local property tax. Similarly, 28 U.S.C. § 1361 provides jurisdiction for an "action in the nature of mandamus to compel" a federal official to perform a duty owed. Plaintiffs do not allege that Defendants are federal officials.

    Title 28, United States Code, §§ 1343(a)(3), (4), grant jurisdiction over claims involving violation of civil rights. Plaintiffs do not allege any separate claim for relief for violation of civil rights. See <u>Chapman v. Houston Welfare Rights Organization</u>, 441 U.S. 600, 621 (1979)(discussing 28 U.S.C. §§ 1343(a)(3), (4)). Under 28 U.S.C. § 1651, federal courts are authorized to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Section 1651, however, "does not confer jurisdiction on the federal courts." <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 33 (2002). Similarly, 28 U.S.C. §§ 2201 and 2202 do not confer federal subject matter jurisdiction and Plaintiffs must state some independent source of jurisdiction which they have failed to do. See <u>Nationwide Mut. Ins. Co. v. Liberatore</u>, 408 F.3d 1158, 1161-62 (9th Cir. 2005).

    The Court concludes that it lacks subject matter jurisdiction over this case. It is unnecessary for the Court to consider Defendants' argument that the complaint fails to state a claim for relief. <u>Carpenter v. C.I.R.</u>, 143 F. Supp. 2d 1211, 1214 (D.Or. 2001).

    **Accordingly,**

    **IT IS ORDERED** that Defendants' motion to dismiss the complaint based on Fed.R.Civ.P. 12(b)(1) (Doc. 6) is granted.

1  **IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment (Doc.
2  9) is dismissed as moot.
3  **IT IS FURTHER ORDERED** that Defendants' motion for stay of consideration of
4  Plaintiffs' motion for summary judgment (Doc. 13) is denied as moot.
5  **IT IS FURTHER ORDERED** that Plaintiffs' complaint is dismissed.

7  DATED this 25th day of January, 2006.

_____
Mary H. Murguia
United States District Judge

- 4 -